**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **COLE KEAGY,** | : |
| | : |
| **Plaintiffs,** | : |
| | :   **Case No.:** |
| v. | : |
| | : |
| **BAE SYSTEMS, INC.,** | :   **COMPLAINT IN CIVIL ACTION** |
| | : |
| **Defendant.** | : |
| | : |
| | : |

Filed on Behalf of Plaintiff:
Cole Keagy

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:   (412) 545-3015
Fax No.:   (412) 540-3399
E-mail:   jward@jpward.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **COLE KEAGY,** | : |
| **Plaintiffs,** | : |
| v. | : |
| | : **Case No.:** |
| **BAE SYSTEMS, INC.,** | : |
| **Defendant.** | : |

**COMPLAINT IN CIVIL ACTION**

AND NOW, comes Plaintiff, Cole Keagy, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Complaint against Defendant, BAE Systems, Inc., of which the following is a statement:

**PARTIES**

1. Plaintiff, Cole Keagy (hereinafter "Mr. Keagy"), is an adult individual who currently resides at 2476 Sunset Circle, Glenville, PA 17329.

2. Defendant, BAE Systems, Inc. (hereinafter "BAE"), is a corporation with a place of business located at 1100 Bairs Road, West Manchester Township, PA 17408.

**JURISDICTION AND VENUE**

3. This action arises under the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*. ("ADA"), and the Pennsylvania Human Relations Act 43 P.S. §§ 951-963 ("PHRA"). This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial amount of the events or omissions giving rise to the claims occurred in the Middle District of Pennsylvania, and,

1

therefore, this action is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania and the venue is proper pursuant to 25 U.S.C. § 1391(b) and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

5. Plaintiff dual-filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") regarding his allegations on or about June 14, 2021, under EEOC Charge number 533-2021- 01494.

6. On August 24, 2021, Plaintiff was issued a Notice of Suit Rights by the EEOC, and this complaint is now timely filed.

### **PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

7. Mr. Cole Keagy (hereinafter "Mr. Keagy") began his employment with BAE on or about October of 2019.

8. Mr. Keagy was employed as a waste processor and was qualified for the position he held with BAE.

9. Mr. Keagy was diagnosed with Asperger's and disclosed this diagnosis to his employer upon initiation of employment. Asperger's is a condition which includes some degree of difficulty with social skills and reading social cues.

10. Additionally, as an infant, Mr. Keagy was born with Hypospadias and underwent reconstructive surgery as a result. Related to this past surgery, Mr. Keagy occasionally had issues with urination.

11. On or about August of 2020, Mr. Keagy felt urine leakage and walked out a side door at BAE in order to relieve himself emergently.

12. At the time that Mr. Keagy did this, it was dark outside. Additionally, Mr. Keagy was unaware that anyone was present.

13. Mr. Keagy's coworker, Lori Kintner (hereinafter, "Ms. Kintner") observed Mr. Keagy relieve himself outside of the building and proceeded to report this to BAE.

14. On or about August 20, 2020, Mr. Keagy was placed on administrative leave pending the outcome of an investigation.

15. The Labor Relations Manager, Susannah Worrell (hereinafter, "Ms. Worrell") was the manager who placed Mr. Keagy on this leave.

16. On or about the same date, Union Representative Anthony Finke (hereinafter, "Mr. Finke") was tasked with this case. Mr. Finke was present for every meeting between Ms. Worrell and Mr. Cole.

17. During her investigation, Ms. Worrell took Ms. Kintner's word for the report, even though it contained misinformation. Mr. Finke attempted to combat this misinformation, but to no avail.

18. Ms. Worrell further requested medical proof of Mr. Keagy's disability, which Mr. Keagy promptly provided.

19. Even with this documentation, BAE suspended Mr. Keagy, beginning on or about September 10, 2020.

20. On or about September 24, 2020, Mr. Keagy was terminated from his position with BAE.

21. Mr. Keagy was terminated as a direct result of the symptoms of his disability, including his trouble with urination and his difficulty with social skills.

22. These symptoms did not affect Mr. Keagy's ability to perform the essential functions of his position in any way.

23. Additionally, BAE was aware of Mr. Keagy's disability upon his hiring and was made aware again when Mr. Keagy provided medical documentation. Even with this documentation proving that the incident occurred as a result of Mr. Keagy's disability, Mr. Keagy's position was terminated by BAE.

## COUNT I
## DISCRIMINATION IN VIOLATION
## OF THE ADA AND THE PHRA

24. Mr. Keagy incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

25. The inquiry into whether a person is disabled under the ADA is made on a case-by case analysis. *EEOC v. Grane Healthcare Co.,* 2 F. Supp. 3d 667, 694 (W.D. Pa. 2014); *Chedwick v. UPMC,* 2011 U.S. LEXIS 43239 *35 (W.D. Pa. 2011). To establish a prima facie case of discrimination under the ADA, Plaintiff must show: (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations by the employer; and (3) she suffered an otherwise adverse employment decision as a result of discrimination. *See McGarvey v. Te Connectivity, Ltd.,* 2018 U.S. Dist. LEXIS 124788 *15 (M.D. Pa. 2018); *Northern v. Susquehanna Univ.,* 2018 U.S. Dist. LEXIS 214349 *28 (M.D. Pa. 2018).

26. The PHRA is modeled similarly to the ADA and shares similar burdens. The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both ADA and PHRA claims on the same grounds. *Bialko v. Quaker Oats Co.*, 434 F. App'x. 139, 142 n.5 (3rd Cir. 2011) (citing *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002) (noting that the PHRA, in all "relevant respects," was "basically the same as the ADA" and was interpreted

"in accord" with the ADA and related case law, thus meaning that "disposition of [plaintiff's] ADA claim applie[d] with equal force to his PHRA claim."

27. Under the ADA, an individual has a disability if she: (1) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. *Thomas v. Trs. Of the Univ. of Pa.,* 2020 U.S. Dist. LEXIS 11056 *9 (E.D. Pa. 2020) (quoting *Lackey v. Heart of Lancaster Reg'l Med. Ctr.,* 704 F. App'x 41, 48 (3d Cir. 2017)).

28. Under the ADAAA, "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Berkowitz v. Oppenheimer Precision Prods.,* 2014 U.S. Dist. LEXIS 152533 at *8-9 (E.D. Pa. Oct. 28, 2014).

29. Mr. Keagy is readily disabled within the meaning of the ADA and the PHRA given his diagnosis of Asperger's and reconstructive surgery related to his Hypospadias.

30. Mr. Keagy was qualified to successfully perform the necessary functions of his position and did so successfully from October of 2019 from until BAE terminated his position in September of 2020.

31. BAE was fully aware of Mr. Keagy's disability and his qualification for the position which he performed. BAE was notified of Mr. Keagy's disability upon initiation of employment and again when Mr. Keagy provided documentation pursuant to his disabilities following the August 2020 incident.

32. Even so, Mr. Keagy was terminated as a direct result of the symptoms of his disability, including his trouble with urination and his difficulty with social skills.

33. As a direct and proximate result, Plaintiff has incurred damages including lost of income, emotiontal distress, and consequential damages, all in the past, present and future.

34. As set forth hereinabove, BAE's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

WHEREFORE, Plaintiff, Cole Keagy, hereby requests this Honorable Court consider the above and grant relief in his favor. Specifically, Plaintiff requests this Court award him back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, costs, and reasonable attorney's fees.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: October 29, 2021

By: */s/ Joshua P. Ward*
Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff